IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

LARRY AND KATHLEEN ROSE

                Plaintiff,                Case No.

vs.                                      Hon:

UNITED STATES OF AMERCIA

                Defendant.

___

BRIAN J. MCKEEN (P34123)
J. KELLY CARLEY (P38892)
McKEEN & ASSOCIATES, P.C
Attorneys for Plaintiff
645 Griswold Street, Suite 4200
Detroit, Michigan 48226
(313) 961-4400

___

# COMPLAINT

## PRELIMINARY STATEMENT

1. Plaintiff, Larry Rose, was a resident of the Township of Highland, County of Oakland, State of Michigan, at the time of the malpractice alleged in this matter.

2. Plaintiff brings this action against the Defendant, United States of America under the Federal Tort Claims Act.

3. DR. ZVI ARYEH KRESCH, is a Michigan licensed physician, board-certified in ophthalmology, who was practicing in the City of Ann Arbor, County of Washtenaw, State of Michigan, at the time of the malpractice alleged in this matter.

4. DR. DAVID DEMILL, is a Michigan licensed physician who was practicing ophthalmology in the City of Ann Arbor, County of Washtenaw, State of Michigan, at the time of the malpractice alleged in this matter.

5. At all times pertinent to the allegations in this Complaint, the Department of Veteran Affairs (hereafter V.A.) was an executive agency of the United States government.

6. At all times pertinent to the allegation in this Complaint, DR. ZVI ARYEH KRESCH was employed by the V.A. and United States of America or was their agent, either express or implied.

7. At all times pertinent to the allegations in this Complaint, Dr. David DeMille was an employee, and or agent, express or ostensible, pursuant to a contract with the University of Michigan, of the VA and United States of America.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. § 1331 and 1346(b).

9. On or about March 1, 2017, Plaintiff submitted an Administrative Tort Claim to Claims US Department of Veterans Affairs office of General Counsel in

both Detroit and Indianapolis; Plaintiff's claim was denied on June 26, 2018, therefore, Plaintiff has exhausted all available administrative remedies.

10. Venue is properly with this District under U.S.C. § 1402(b) as the acts that are the subject of this Complaint occurred in Washtenaw County at the time of the malpractice and at that time the Plaintiff resided in Oakland County.

## PARTIES

11. At all times relevant hereto the Plaintiff, Larry Rose, was a resident of the Township of Highland, County of Oakland, State of Michigan.

12. At all times relevant hereto, Dr. Zvi Kresch, was an employee and/or agent (express or ostensible) of the V.A., an executive agency of the United States of America.

13. At all times relevant hereto, Dr. David DeMill, was an employee and/or agent (express or ostensible) of the VA, an executive agency of United States of America, pursuant to a contract with the University of Michigan.

## FACTUAL ALLEGATIONS

14. The Plaintiff realleges paragraphs 1 through 13 as if set forth fully herein.

15. On May 19, 2015, Plaintiff, Larry Rose presented to the VA hospital in Ann Arbor to undergo cataract surgery.

16. The surgery was performed by ophthalmologist, Dr. Zvi Kresch and was assisted by ophthalmology resident Dr. David DeMill.

17. During the course of the surgery the intraocular lens was negligently placed in the eye in an upside-down position by Dr. Kresch and/or Dr. DeMill.

- 3 -

18. Instead of removing the misplaced lens from the eye Dr. Kresch and/or Dr. DeMill attempted to manipulate or flip the lens intraocularly.

19. In manipulating the lens while still in the eye Dr. Kresch and/or Dr. DeMill permanently damaged Mr. Rose's cornea.

20. As a result of the severe and permanent damage to his cornea, Mr. Rose suffers with poor visual acuity, blurred vision, and has had to undergo extensive treatment and surgery that should have been unnecessary.

## FEDERAL TORT CLAIM ACT – MEDICAL NEGLIGENCE

21. Plaintiff realleges paragraphs 1 through 20 as if set forth fully herein.

22. At all times pertinent hereto, Drs. Kresch and DeMill, owed a duty to the Plaintiff, Larry Rose, to render medical treatment in a reasonable and prudent manner consistent with the applicable standard of care for an ophthalmologist of average skill, learning and judgment.

23. Notwithstanding their respective duties, Dr. Zvi Kresch and/or Dr. David DeMill, were professionally negligent and breached their duties to the Plaintiff, Larry Rose, in the following ways:

a) Placing the intraocular lens in the eye upside down.

b) Attempting to manipulate and/or flip the lens intraocularly once it was discovered to be in the eye upside down;

c) Traumatizing the cornea by manipulating and/or flipping the lens intraocularly;

d) Failing to leave the lens in the eye once it was discovered to be upside down;

- 4 -

e) Failing to completely remove the upside-down lens either intact by folding and removing or cutting lens in half and removing it atraumatically in two pieces prior to reinserting it or a new lens into the eye;

f) Failing to discuss with Mr. Rose all treatment options and relative risks and benefits of each option prior to manipulating and/or flipping the lens intraocularly.

g) Failing to have performed the May 19, 2015 cataract surgery in a manner consistent with the standard of care so as to avoid iatrogenically damaging Mr. Rose's cornea and eye;

h) Other acts of negligence to be discovered during the course of the litigation.

24. As a direct and proximate result of the above breaches in the standard of care by Dr. Zvi Kresch and/or Dr. David DeMill, the Plaintiff, Larry Rose, suffered permanent injury to his cornea, which in turn has caused poor visual acuity and blurred vision, extensive treatment and surgery, physical and emotional pain, mental suffering, unnecessary medical expenses, loss of wages, loss of earning capacity, anxiety, stress, out-of-pocket expenses for medical treatment which should have been unnecessary, and the general diminishment and enjoyment of life.

## COUNT V: LOSS OF CONSORTIUM

25. The Plaintiff repeats and re-alleges paragraphs 1 through 24 as if set forth fully herein.

- 5 -

26. At all times relevant hereto, Larry Rose was the lawful Husband of Kathleen Rose. As a direct and proximate result of Defendants' negligence as hereinbefore alleged, Plaintiff Kathleen Rose's Husband was damaged, injured, and harmed, as aforesaid, and Plaintiff Kathleen Rose has been deprived of the comfort, companionship, society and services of her husband, Larry Rose, as a result of the malpractice and negligence described herein.

## DAMAGES

27. Plaintiff realleges paragraphs 1 through 26 as if set forth fully herein.

28. As a direct and proximate result of the above breaches in the standard of care by Dr. Zvi Kresch and/or Dr. David DeMill, the Plaintiff, Larry Rose, suffered permanent injury to his cornea which in turn has caused poor visual acuity and blurred vision, extensive treatment and surgery, physical and emotional pain, mental suffering, unnecessary medical expenses, loss of wages, loss of earning capacity, anxiety, stress, out-of-pocket expenses for medical treatment which should have been unnecessary, and the general diminishment and enjoyment of life.

WHEREFORE, the Plaintiff, LARRY ROSE, respectfully requests compensatory damages, reasonable attorney fees and costs, and such other relief that is just and appropriate.

        Respectfully Submitted:

        McKEEN & ASSOCIATES, P.C.

        */s/ J. Kelly Carley*
        BRIAN J. MCKEEN (P34123)
        J. KELLY CARLEY (P38892)
        Attorneys for Plaintiff
        645 Griswold Street, Suite 4200
        Detroit, MI 48226
        (313) 961-4400

DATED: December 19, 2018

## AFFIDAVIT OF MERIT OF DR. DUANE BRYANT, M.D.

STATE OF CALIFORNIA        )
                           ) SS
COUNTY OF SAN DIEGO        )

I, DUANE BRYANT, MD, being duly sworn, states as follows:

1. I am a practicing physician, board-certified in ophthalmology and licensed to practice in the State of Maryland.

2. I've been in practice since 1984 and have performed cataract surgeries such as the one at issue in this matter.

3. For the year preceding May 19, 2015, the majority of my professional time was devoted to the full-time practice of ophthalmology.

4. I have reviewed the Notices of Intent sent out in this matter pursuant to MCL 600.2912b; MSA 27A .2912(2).

5. I have reviewed Mr. Rose's medical records, from the Ann Arbor VA Hospital and the University of Michigan.

6. The standard of care applicable in this matter is that of a reasonably prudent ophthalmologist under the same or similar circumstances.

7. It is my opinion, within a reasonable degree of medical certainty, that Dr. Zvi Aryeh Kresch, and any other ophthalmologist assisting him or training under him, including, but not limited to Dr. David DeMill, breached the applicable standard of care in the following ways:

   a) Placing the intraocular lens in the eye upside down.

   b) Attempting to manipulate and/or flip the lens intraocularly once it was discovered to be in the eye upside down;

   c) Traumatizing the cornea by manipulating and/or flipping the lens intraocularly;

   d) Failing to leave the lens in the eye once it was discovered to be upside down;

    e) Failing to completely remove the upside down lens either intact by folding and removing or cutting lens in half and removing it atraumatically in two pieces prior to reinserting it or a new lens into the eye;

    f) Failing to discuss with Mr. Rose all treatment options and relative risks and benefits of each option prior to manipulating and/or flipping the lens intraocularly.

    g) Failing to have performed the May 19, 2015 cataract surgery in a manner consistent with the standard of care so as to avoid iatrogenically damaging Mr. Rose's cornea and eye;

    h) Other acts of negligence to be discovered during the course of the litigation.

7. To have complied with the applicable standard of care Dr. Kresch, and any other ophthalmologist assisting him or training under him, including, but not limited to Dr. DeMill, should have done the following:

    a) Place the intraocular lens in the eye right side up.

    b) Refrained from manipulating and/or flipping the lens intraocularly once it was discovered to be upside down.

    c) Avoided traumatizing the cornea by manipulating and/or flipping the lens intraocularly once it was discovered to be upside down;

    d) To have left the lens in the eye once it was discovered to have been upside down;

    e) To have completely removed the lens singularly, by folding lens in half or in pieces by cutting lens in half, prior to reinserting it or a new lens back into the eye;

    f) To have discussed with Mr. Rose all treatment options and relative risks and benefits of each option prior to flipping the lens intraocularly;

    f) To have performed the May 19, 2015 cataract surgery in a manner consistent with the standard of care so as to avoid iatrogenically damaging Mr. Rose's cornea and eye;

    g) Other acts of negligence to be discovered during the course of the litigation.

8. As the direct and proximate cause of the ophthalmological malpractice described in paragraph 6, above, Mr. Rose's suffered permanent damage to his cornea and vision. More specifically, the manipulation or flipping of the lens intraocularly caused loss of corneal endothelial cells by

2

shearing of endothelial cells from the cornea, resulting in corneal decompensation with persistent corneal edema and clouding of the cornea. This resulted in Mr. Rose having to have corneal transplantation (DSAEK). The trauma to the eye has caused Mr. Rose to have light sensitivity; pain; and blurred vision. These symptoms are now permanent.

9. This affidavit is filed in accordance to MCL 600.2912d; MSA 27A

_____
DUANE M. BRYANT, M.D.

Subscribed and sworn to before me

this ____ day of _____, 2018.

_see attached form_____
NOTARY PUBLIC

3

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of San Diego

Subscribed and sworn to (or affirmed) before me on this 13th day of December, 20 18, by Duane Maverick Bryant, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

JACKELINE ELIAS
COMM. #2249577
NOTARY PUBLIC - CALIFORNIA
SAN DIEGO COUNTY
My Commission Expires 07/12/2022

(Seal)              Signature _____